# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

|  |  |
|---|---|
| **RANDY BUSCH**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FREEDOM BOAT CLUB LLC**, a Florida limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:25-cv-931**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT

**NOW COMES** the Plaintiff, by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1.     This is an action for unpaid overtime wage compensation and unlawful retaliation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

## PARTIES

2.     The Plaintiff is an individual and resident of Michigan who at all material times also worked for the Defendant in Collier County, Florida. At all times, Plaintiff had enterprise and individual coverage under the FLSA during

1

his employment with the Defendant, **FREEDOM BOAT CLUB LLC** ("Corporate Defendant"). Plaintiff was employed by the Corporate Defendant and performed work in Collier County, Florida. At all material times, Plaintiff was employed by the Corporate Defendant as a dock manager. Plaintiff performed work for the Defendant whose principal place of business is located in Venice, Florida, but Plaintiff's work location was in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. While performing services for the Defendant, Plaintiff was engaged in interstate commerce, including navigating/assisting in the navigation of state and federal waters  for the Defendant, and Plaintiff continued the flow of interstate commerce by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources and banks, and shipping, receiving and utilizing tools and parts for marine transportation.

3.    The Corporate Defendant is a Florida limited liability company and has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Corporate Defendant's employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as goods and equipment that are from out-

of-state suppliers. Corporate Defendant collects monies, most of which is from out-of-state financial institutions. Corporate Defendant supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment. Corporate Defendant maintains employment records of Plaintiff. Corporate Defendant's employees are engaged in interstate commerce as at least two of the Corporate Defendant's employees handled, sold, otherwise worked on goods or materials that have been moved in or produced for commerce. Plaintiff was engaged in interstate commerce because Plaintiff (and at least two employees of the Corporate Defendant) handled goods that were moving in interstate commerce, handled and processed credit card and banking transactions and unloaded goods which came from an out of state supplier.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5.    Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff performed work for the Defendants who conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District

of Florida. Venue is proper in the Fort Myers Division under since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.    **BUSCH** began his employment with the Corporate Defendant in or about October 1, 2024, and was employed as a dock manager until May 21, 2025 (a period of 33-weeks).

7.    **BUSCH** always performed his assigned duties in a professional manner and was very well qualified for his position.

8.    The Corporate Defendant paid **BUSCH** an hourly rate of $20.00 per hour.

9.    During his employment, **BUSCH** worked in excess of 40-hours per week nearly each week he was employed by the Corporate Defendant, averaging approximately 60-hours per week without receiving the overtime compensation he was lawfully entitled to under the FLSA.

10.    Because of the Corporate Defendant's intentional misclassification of **BUSCH**, he was deprived of at least $600.00 per week in unpaid overtime compensation for each of the 33-weeks of his employment. This equals unpaid overtime of at least $19,800.00 due to **BUSCH** (which does not include the additional $19,800.00 in liquidated damages due under the FLSA).

11.    The Corporate Defendant has thus violated the FLSA by failing to pay overtime wages due to **BUSCH**.

12.    **BUSCH** repeatedly complained to the Corporate Defendant about not being paid the overtime he was lawfully entitled to – including just 3-days prior to his termination on May 21, 2025.

13.    The Corporate Defendant unlawfully retaliated against **BUSCH** because he exercised his rights under the FLSA.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

14.    The Plaintiff hereby incorporates Paragraphs 1-11 in this Count as though fully set forth herein.

15.    Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

16.    The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

17.    The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

18.    The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

19.    The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

20.    The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

21.    As a result of the foregoing, Plaintiff has suffered damages of lost wages.

22.    The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in Plaintiff's favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – FLSA RETALIATION

23.    Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

24.    At all material times, Plaintiff was an employee, and the Defendant was his employer.

25.    Plaintiff believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was violating the FLSA by failing to pay Plaintiff overtime for all hours worked in excess of 40-hours each week. Plaintiff began lodging complaints about these violations (including his 3-days prior to his termination), and Defendant terminated his employment on May 21, 2025, in retaliation for his protected complaints.

26.    The Defendant was aware of Plaintiff's objection to the Defendant's violations of the FLSA.

27.    The Defendant subjected Plaintiff to adverse employment action –
a discharge – following his statutorily protected conduct.

28.    The Defendant, in subjecting Plaintiff to adverse employment
action, retaliated and discriminated against him because of his complaints,
objections and concerns raised to the Defendant.

29.    As a direct and proximate result of engaging in statutorily
protected conduct as referenced and cited herein, Plaintiff has lost the benefits
and privileges of his employment and have been substantially and significantly
injured in his career path that was anticipated from his employment.

30.    As a direct and proximate result of engaging in statutorily
protected conduct as referenced and cited herein, and as a direct and proximate
result of the prohibited acts perpetrated against him, Plaintiff is entitled to all
relief necessary to make him whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as
of right, and:

i.    Back pay and all other benefits, perquisites and other
compensation for employment which Plaintiff would have received
had Plaintiff maintained his position with the Defendants, plus
interest, including but not limited to lost salary and bonuses;

ii.    Liquidated damages;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v.    Reasonable attorney's fees plus costs;

vi.    Compensatory damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: October 15, 2025    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com